UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEILA GARCIA SANCHEZ,

    Plaintiff,

v.                                Case No.:  8:20-cv-2650-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Keila Garcia Sanchez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

#### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on October 3, 2017, alleging disability beginning September 3, 2011. (Tr. 140, 141 264-76). The applications were denied initially and on reconsideration. (Tr. 140, 141, 180, 181). Plaintiff requested a hearing, and on March 12, 2019, a hearing was held before Administrative Law Judge Glen H. Watkins. (Tr. 72-93). On May 15, 2019, the ALJ entered a decision finding Plaintiff not under a disability from September 3, 2011, through the date of the decision. (Tr. 41-55).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on September 16, 2020. (Tr. 6-11). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 12, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

## D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. (Tr. 44). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 3, 2011. (Tr. 44). At step two, the ALJ found that

Plaintiff had the following severe impairments: "Connor syndrome,[1] asthma, degenerative disc disease, depression, anxiety, and obesity." (Tr. 44). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 44).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can never ladder ropes scaffolds, and only occasionally climb ramps and stairs. She can only occasionally balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to cold, heat, hazards, and irritants such as fumes, odors, dust, and gases. She is able to understand, remember, carryout, and perform only simple routine task and instruction with only occasionally contact with the public.

(Tr. 47).

The ALJ found Plaintiff was unable to perform any past relevant work as a cleaner, nurse assistant, cook, and construction worker. (Tr. 53) At step five, the ALJ relied on the vocational expert's interrogatory responses to find that considering Plaintiff's age (44 on the alleged onset date), education (high school), work

---

[1] Throughout the medical records, the medical sources refer to this impairment as Conn's syndrome. *See, e.g.*, Tr. 295.

experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 54). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)   electronic worker, DOT[2] 726.687-010, light, unskilled, SVP 2

    (2)   inspector, hand packager, DOT 559.687-074, light, unskilled SVP 2

    (3)   shipping/receiving weigher, DOT 222.387-074, light unskilled, SVP 2

(Tr. 54-55). The ALJ concluded that Plaintiff had not been under a disability from September 3, 2011, through the date of the decision. (Tr. 55).

## II.    Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ complied with SSR 00-4p and addressed whether the vocational expert's testimony conflicts with the DOT. (Doc. 22, p. 4). Plaintiff argues three points. First, Plaintiff claims the ALJ failed to question the vocational expert regarding a conflict between the vocational expert's testimony and the DOT. (Doc. 22, p. 6-7). Second, Plaintiff claims that based on the ALJ limiting Plaintiff to understanding, remembering, carrying out, and performing only simple routine tasks and instructions, the representational jobs identified by the vocational expert conflict with the DOT description of these jobs. (Doc. 22, p. 9-11). And third, Plaintiff argues that the identified jobs have reasoning levels of 2 or 3 and these reasoning levels conflict with a limitation to simple routine

---

[2] DOT refers to the *Dictionary of Occupational Titles*.

tasks and instructions. (Doc. 22, p. 10-11). The Commissioner argues that Plaintiff failed to identify or explain any apparent conflict or inconsistency between the narrative DOT descriptions of the occupations and the vocational expert's testimony that considered an individual with Plaintiff's RFC. (Doc. 22, p. 14). The Commissioner also argues that occupations with a reasoning level of 2 are not inconsistent with understanding, remembering, carrying out, and performing simple, routine tasks and instructions. (Doc. 22, p. 15-16).

For any conflict at step five between limitations in an RFC and job requirements as listed in the DOT, "the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018) (quoting SSR 00-4p, 2000 WL 1898704)). An ALJ must ask the vocational expert to identify and explain any conflict between his or her testimony and the DOT. *Id.* at 1363. Moreover, "the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id.* at 1363.

Plaintiff's first argument that "[i]t does not appear [ ] that the ALJ made any inquiry to the vocational expert as to consistency" with the DOT is a nonstarter. At the end of the vocational expert's testimony, the ALJ specifically asked, "Is your testimony consistent with the DOT?" (Tr. 90). To which the vocational expert

responded, "Yes, although the DOT does not specifically address absences or interaction with the public. So for those, I use my knowledge, experience, and education as a vocational consultant." (Tr. 91). Thus, Plaintiff's first argument lacks merit.

Plaintiff next argues that the narrative descriptions of the jobs conflict with the RFC's limitation to simple, routine tasks and instructions. (Doc. 22, p. 9-11). In support of this argument, Plaintiff simply copies and pastes the narrative descriptions and then concludes that each of the three job descriptions are very inconsistent with or do not conform to the parameters of simple, routine tasks and instructions. (Doc. 22, p. 9-11). By raising this issue in such a perfunctory manner without supporting argument and citation to authority, this issue is considered waived. *See Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.") (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *see also*, *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived an issue because he did not elaborate on claim or provide citation to authority regarding claim). So Plaintiff second argument also fails.

Finally, Plaintiff appears to argue that the representative occupations have reasoning levels of 2 or 3 and these reasoning levels conflict with the RFC limitation

to understand, remember, carryout, and perform only simple routine tasks and instructions. (Doc. 22, p. 6-7). The DOT provides that the position of shipping/receiving weigher, DOT 222.387-074 requires a reasoning level of 3, which means being able to "[a]pply commonsense and understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT 222.387-074, 1991 WL 672108. The Eleventh Circuit recently addressed whether a limitation to simple tasks is an apparent conflict with a reasoning level 3 job requirement and found that it was. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1316 (11th Cir. 2021). After considering a split in Circuits on this issue, the Eleventh Circuit held:

> there is an apparent conflict between an RFC limitation to simple, routine, and repetitive tasks and level 3 reasoning, and in doing so join the decisions of the Fourth, Ninth, and Tenth Circuits. This does not mean that there is an actual conflict or that an ALJ is categorically prohibited from including a job with level 3 reasoning in the step five analysis for a claimant with such a limitation. It does mean that the ALJ is required to address the apparent conflict and provide a reasonable explanation for her determination. *See Washington*, 906 F.3d at 1366 ("This doesn't mean that the VE [or ALJ were] wrong, but it does mean that there was a conflict, it was apparent, and it was important.").

*Id.* at 1317.

Here, in the RFC, the ALJ limited Plaintiff to understanding, remembering, carrying out, and performing simple, routine tasks and instructions and this

limitation conflicts with the requirement of level 3 reasoning for the shipping/receiving weigher position. The ALJ failed to recognize this apparent conflict and further failed to provide a reasonable explanation for the determination that Plaintiff is capable of performing this job. Thus, the ALJ erred in listing this occupation.

Even though the ALJ failed to address this apparent conflict, the inquiry does not end there. Although the shipping/receiving weigher position is eliminated, the ALJ did list two other occupations—electronic worker and inspector, hand packager—that require a reasoning level of 2. Plaintiff argued that these positions also conflict with the RFC limitations. (Doc. 22, p. 6-7, 10-11). The Eleventh Circuit found they do not. *See Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009 (11th Cir. 2020) (finding that jobs with a level 2 reasoning level do not conflict with simple, routine, and repetitive work); *see also Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) ("The ALJ did not err. There is not an apparent conflict here between Buckwalter's RFC, which limits her to the ability to 'understand, carry-out, and remember simple instructions,' and the identified positions with a reasoning level of two. While it is a close question, the two terms can be readily reconciled, so we follow the Fourth and Eighth Circuits and hold that there is no apparent conflict.").

Thus, any error in the ALJ's conclusion that Plaintiff was able to perform the job of shipping/receiving weigher is harmless because the ALJ identified other jobs—electronic worker and inspector, hand packager—that Plaintiff is qualified to do considering her age, education, work experience, and RFC. *See Valdez*, 808 F. App'x at 1009. Relying on the vocational expert's testimony, the ALJ found the jobs of electronic worker and inspector, hand packager exist in significant numbers in the national economy with the job of electronic worker having 30,000 jobs available nationally and the job of inspector, hand packager having 315,000 jobs available in the national economy. (Tr. 55). For these reasons, substantial evidence supports the ALJ's decision.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2022.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties